OPINION
Austin J. Branham appeals from the judgment of the Clark County Juvenile Court ordering him to pay restitution in the amount of $5,864 to the victim of his assault.
On October 13, 1998, Branham was charged with being a delinquent child in that he committed the underlying criminal act of felonious assault. The matter was tried to a magistrate for hearing. The State presented evidence that Branham got into a heated altercation with the victim, Keith Stevens, and struck him over the head with a hard object. The magistrate recommended that Branham be adjudicated delinquent as charged in the complaint. The trial court overruled objections to the findings and adopted the magistrate's findings. The court conducted a hearing to determine if restitution should be ordered in favor of the victim.
No transcript has been provided of that hearing. Keith Stevens submitted a letter to the court concerning the impact of the offense upon him. The letter reads as follows:
Dear Magistrate:
 I'm writing in regard to the conclusion of the case of Austin J. Branham, Case #.
 I am the victim of his actions, and want you to consider what this has done to my life, when making your decision about his sentence.
 I have been deafened in my right ear and am currently waiting for an appointment with an E.N.T. through the Veterans Administration in Dayton. I was a patient of Dr. Gillen's, but due to inability to pay I received a letter stating that I could no longer be a patient in his office.
 I still have no insurance and am facing surgery to hopefully correct my deafness. This will not be covered at the V.A., as this is not a service related injury.
 His actions ruined my credit, as I had to file bankruptcy to "pay" the bills that I incurred due to Austin's actions. Aside from that, services were rendered that should be compensated monetarily by Austin as they were incurred because of him.
 Furthermore, because of this injury, I have lost a source of income and of great enjoyment.
 I have sang and played music for as far back as I can remember. I can no longer do this well, or enjoy it, as I cannot hear the tone, pitch, or volume as needed. This has been my greatness loss and inconvenience.
 In conclusion, enclosed you will find copies of the many medical expenses due to this matter. Also, my attorney fees to file bankruptcy were in excess of $500.00, of which I can obtain a receipt copy for you if you wish.
 I'm counting on your expertise in these matters to do the fair and just thing. Thank you for your time and consideration.
Sincerely,
/s/ Keith A. Stevens
 The trial court found that Stevens suffered medical bills in the amount of $5864.00 as follows:
Dr. John Gillen $ 389.00
Community Hospital $4691.54
Springfield Medical Imaging $ 243.00
$ 207.00
Springfield Emergency Physician $ 280.00
Springfield Medical Imaging $ 54.00
Total $5864.54
 The court ordered Branham to pay the restitution in regular periodic payments to the court. The court would then forward the payments to the victim.
In a single assignment, Branham contends the trial court erred in ordering him to make restitution for Steven's medical expenses. He contends there is no statutory authority for such an order because R.C.2151.355 restricts restitution for property damage and also the award would be a windfall to the victim since he discharged his medical bills in bankruptcy.
The State argues that the court did have authority to order Branham to make restitution for medical bills incurred by Stevens pursuant to R.C.2151.355(A)(25).
The Lawrence County Court of Appeals has held that a juvenile court has authority to order a juvenile to make restitution for medical bills incurred by the victim as a result of an assault. In re Lambert (1989),63 Ohio App.3d 123. That court relied on former R.C. 2151.355(A)(10) which provided that the juvenile court could make any further disposition that the court finds proper among its other provisions.
R.C. 2151.355(A)(25), effective March 22, 2001, provides that the trial court may make any further disposition that the court finds proper, except that the child shall not be placed in any facility in which an adult convicted of a crime, under arrest, or charged with a crime is held.
We agree with the Lawrence County Court of Appeals that the statutory authority "to make any disposition that the court finds proper" authorizes a juvenile court to order restitution of medical bills to the victim by a juvenile offender.
The appellant's second argument is more troubling. Appellant argues that Stevens incurred no medical expenses because he discharged them in bankruptcy. The victim's letter is not entirely clear in that regard. We agree with the appellant that he should not be ordered to pay restitution to the victim for medical bills he did not incur. If that be the case, the trial court should order that the restitution be awarded directly to the medical providers out of the restitution fund. In all other respects, the assignment of error is overruled.
The judgment of the trial court is Affirmed in part, Modified per this opinion, and as modified, Affirmed.
WOLFF, P.J., and YOUNG, J., concur.